UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, :
:
v. : CRIMINAL NO. 1:10-CR-00339
:
COREY GOLSON, :
Defendant :
:

*M E M O R A N D U M*

*I.	Introduction*

Pursuant to 28 U.S.C. § 2255, the defendant, a federal prisoner at FCI Schuylkill, has filed a *pro-se* motion to vacate, set aside, or correct his sentence for drug-trafficking crimes. In his § 2255 motion, defendant raises four claims of ineffective-assistance-of-counsel. Because it clearly appears from the motion and the record of prior proceedings that defendant is not entitled to relief, we will deny defendant's motion without requiring an answer from the Government or scheduling an evidentiary hearing.

*II.	Background and Procedural History*

On December 1, 2010, following the discovery of controlled substances and firearms in defendant's residence, as well as the discovery of marijuana in a mail parcel addressed to the same residence, a grand jury returned a three-count indictment charging defendant with: (1) Count 1: criminal conspiracy to distribute and possess with intent to distribute marijuana and heroin, in violation of 21 U.S.C. § 846; (2) Count 2: distribution and possession with intent to distribute marijuana and heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(1)(D) and 18 U.S.C. § 2; and (3) Count 3: possession of a firearm

during, in relation to, and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), (c)(1)(B)(i). (Doc. 1).

Subsequently, on August 14, 2012, defendant, through counsel, filed a motion to suppress evidence, (Doc. 66), that was denied on September 4, 2012, (Doc. 79). Three days later, defendant entered a conditional guilty plea to the three-count indictment, pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, reserving the right to appeal the denial of his motion to suppress. (Doc. 82; see Doc. 100 at 3). On January 24, 2013, we sentenced defendant to 161 months of imprisonment, three years of supervised release, an assessment fee of $300, and a fine of $1,000. (Doc. 88).

On February 4, 2013, defendant filed a notice of appeal, (see Docs. 89 & 96), and on February 11, 2014, the Third Circuit affirmed our ruling. (Doc. 105). Thereafter, on June 23, 2014, the Supreme Court denied defendant's petition for certiorari. *United States v. Golson*, 743 F.3d 44 (3d Cir.), *cert. denied*, 134 S.Ct. 2857 (2014).

On June 16, 2015, defendant filed the pending § 2255 motion raising four claims of ineffective-assistance-of-counsel. (Doc. 107; see also, Docs. 107 & 108). By Order dated June 30, 2015, we granted defendant leave to either withdraw his motion or to have it construed and ruled upon by the Court. (Doc. 109). Defendant was to provide his decision within 30 days. (Id. at 3). Having received no response, we will rule on the § 2255 motion as filed.

*III.       Legal Standards*

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct his sentence. In general, relief under § 2255 is afforded on one of four grounds: (1) the sentence was imposed in violation of the Constitution or other federal laws; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. R. Governing § 2255 Cases 1(a). A district court can summarily deny a § 2255 motion without holding a hearing or requiring the Government to file an answer when the motion and corresponding record conclusively show that a movant is not entitled to relief. *See* 28 U.S.C. § 2255(b); R. Governing § 2255 Cases 4(b); *United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008); *see also, United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court.").

Ineffective-assistance-of-counsel claims are reviewed pursuant to the two-pronged standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under the first prong, the movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Id.* Under the second prong, the movant must demonstrate a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. *See id.* at 694; *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994); *see also, Hill v. Lockhart*, 474 U.S. 52, 58 (1985). While both *Strickland* prongs must be satisfied in order for a convicted

3

defendant to successfully show that his or her counsel rendered constitutionally ineffective assistance, a court can choose to address the prejudice prong before the deficient-performance prong, and reject an ineffectiveness claim on either ground. *See Strickland*, 466 U.S. at 668. Finally, although not insurmountable, the *Strickland* standard is highly demanding and leads to a strong presumption that counsel's representation was professionally reasonable. *See id.* at 689.

IV.     *Discussion*

In liberally construing defendant's *pro-se* motion, *see United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999), we discern the following four claims of ineffective-assistance: (1) counsel failed to investigate whether the return address listed on a mail parcel was indeed fictitious; (2) counsel advised defendant to plead guilty before appealing the denial of his motion to suppress; (3) counsel advised defendant to plead guilty to Count 2 in the indictment even though the Government could not prove beyond a reasonable doubt that he possessed controlled substances; and (4) counsel advised defendant to plead guilty to Count 3 in the indictment even though (a) the Government's failure to secure a conviction on Count 2 would negate a guilty verdict on Count 3 and (b) the Government could not prove beyond a reasonable doubt that he possessed firearms during or in relation to a drug-trafficking crime. (See Doc. 107 at 4, 5, 7, 8). Each claim will be addressed *seriatim*.

*A.     Counsel's "failure" to investigate*

According to defendant, counsel failed to investigate whether the return address listed on the parcel in question was fictitious, which defendant asserts it was not. Defendant contends that the postal authority's reasonable suspicion to temporarily seize

and detain the parcel was impermissible, and evidence of the discovery of marijuana in said parcel could have been suppressed had counsel investigated the issue.

In pertinent part, the Fourth Amendment provides: "The right of persons to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be violated . . . ." U.S. CONST. Amend IV. Consistent with the Fourth Amendment, "[p]ostal authorities may seize and detain mailed items for a reasonable amount of time, if they have a reasonable suspicion of criminal activity." *Golson*, 743 F.3d at 55 (citing *United States v. Van Leeuwen*, 397 U.S. 249, 251-52 (1970)).

Here, even assuming the truth of defendant's contention that the return address was not fictitious, the record in this case reveals that the reasonable suspicion of the postal authority was also premised upon the origin of the parcel and the fact that the addressee was not known to receive mail at the shipping address. (See Doc. 94 at 21-22). And, based on their experiences, postal authorities consider both factors to be indicative of drug trafficking. (Id. at 22); *see also, Golson*, 743 F.3d at 55 n. 10. As a result, defendant's claim of ineffective-assistance is meritless because the detention of the parcel would still have been premised upon a reasonable suspicion, *see United States v. Brown*, 448 F.3d 239, 247 (3d Cir. 2006); *see also, United States v. Robertson*, 305 F.3d 164, 166 (3d Cir. 2002), making the temporary detention of the parcel permissible.[1]

### B. Counsel's advice

In defendant's § 2255 motion, as discussed *supra*, he also asserts three other claims of ineffective-assistance. The thrust of defendant's next claim (numerically his second in the § 2255 motion) is that counsel should have immediately appealed the denial

---

[1] Defendant also does not claim in his § 2255 motion that he advised counsel to investigate the issue.

5

of his suppression motion before advising him to plead guilty. (See Doc. 107 at 5). "It is well-settled[, however,] that a criminal defendant may not file an immediate appeal of an order denying a pretrial motion to suppress evidence." *United States v. Williams*, 413 F.3d 347, 354 (3d Cir. 2005)(citing, *inter alia*, *Di Bella v. United States*, 369 U.S. 121, 131 (1962)("Orders granting or denying suppression in the wake of such proceedings are truly interlocutory, for the criminal trial is fairly in train.")); *see Carpenter v. United States*, 492 F.Supp.2d 912, 920 (N.D. Ill. 2007)(denying defendant's claim that counsel was constitutionally ineffective for failing to file an interlocutory appeal of the district court's denial of his motion to suppress). Accordingly, defendant would have been left in the same position as before, faced with the decision to either go to trial or to plead guilty. Coupled with the evidence that was not suppressed and defendant's essential admission of the facts the Government would have proven at trial, he cannot satisfy the *Strickland* standard on this particular claim.

Defendant's second claim regarding counsel's advice is that counsel should not have advised him to plead guilty to Count 2 because the Government could not prove beyond a reasonable doubt that he possessed controlled substances. (See Doc. 107 at 7). In Count 2 of the indictment, defendant was charged with violating 21 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(1)(D), and 18 U.S.C. § 2. (Doc. 1 at 2). In pertinent part, the charging language in the indictment reads as follows:

> [Defendant] knowingly and intentionally distributed and possessed with intent to distribute a mixture and substance containing a detectable amount of marijuana and a mixture of substance containing a detectable amount of heroin . . . and did aid, abet, counsel, command, induce and procure the same.

6

(Id.). Moreover, pertinently, 21 U.S.C. § 841(a)(1) provides that "it shall be unlawful for a person knowingly or intentionally (1) to . . . distribute . . . or possess with intent to . . . distribute . . . a controlled substance."

Possession, the only element of the crime charged in Count 2 which defendant disputes, "can be actual or constructive." *United States v. Kelley*, 301 F. App'x 172, 175 (3d Cir. 2008). Actual possession means what it says and "[c]onstructive possession exists if a defendant knowingly was in a position or had a right to exercise 'dominion and control' over the contraband." *Id.* (citing *United States v. Martorano*, 709 F.2d 863, 866 (3d Cir.1983)). In turn, "'[d]ominion and control' means the 'ability to reduce an object to actual possession.'" *Id.* at 175 n. 2 (quoting *Martorano*, 709 F.2d at 869).

Defendant, who we determined made a voluntary and informed guilty plea, admitted under oath, in open court, that the Government correctly and fairly summarized the facts of the case against him. (Doc. 100 at 6, 9). Relevant here, the Government explained that the temporarily detained parcel, addressed to defendant's residence, contained approximately 19 pounds of marijuana. (Id. at 8). Upon entering defendant's residence, law enforcement officers observed defendant's son rummaging through the parcel, which was opened at defendant's direction. (See id. at 8, 9). Moreover, in the defendant's bedroom, officers discovered 100 packets of individually-wrapped packets of heroin, rolling papers, and a marijuana grinder. (Doc. 100 at 6-8, 9). As well, adjacent to a bedroom belonging to defendant's son, officers found 704 packets of heroin packaged for distribution, 40 grams of raw heroin, a cutting agent, packaging material, a heat sealer, heat sealable bags, a scale, rubber examination gloves, and a mask. (Id. at 8-9). Lastly, the Government stated that it

would have proven that defendant's son, who has also since been convicted, was receiving controlled substances on defendant's behalf. (See id. at 9).

Based on these facts, which defendant essentially admitted were true, a rational fact-finder could have found beyond a reasonable doubt that, at minimum, defendant was in constructive possession of the aforementioned controlled substances. Accordingly, defendant again fails to satisfy the *Strickland* standard.

Finally, defendant claims that since the Government could not have convicted him of Count 2 in the indictment, for the reasons previously stated, counsel rendered ineffective assistance in advising him to plead guilty to the gun charge in Count 3. (Doc. 107 at 8). This claim lacks merit given our previous determination regarding the possession element for the crime charged in Count 2.

This does not end the matter, however, since, tucked inside the last claim, defendant also asserts that counsel rendered ineffective assistance by advising him to plead guilty to Count 3 because the firearms discovered by police at his residence were not possessed in relation to, or during, the commission of drug trafficking. (See Doc. 107 at 8).[2]

In pertinent part, the charging language of Count 3 in the indictment reads as follows: "[Defendant] did knowingly possess a firearm . . . during, in relation to and in furtherance of a drug trafficking crime . . . that is, possession with intent to distribute a controlled substance in violation of [21 U.S.C. § 841(a)(1)]." (Doc. 1 at 2-3). Furthermore,

---

[2] Defendant does not claim that the Government could not have proven beyond a reasonable doubt that he did not have possession of the firearms discovered at his residence, where the controlled substances were also discovered. Even if he did, we would be inclined to disagree with his argument and find, instead, that a rational fact-finder could have found that, at minimum, he constructively possessed firearms. In addition, defendant was not charged with using or carrying a firearm; thus, to the extent he is claiming that the Government was required to prove those elements, (see Doc. 107 at 8), the claim lacks merit.

the plain language of 18 U.S.C. § 924(c)(1)(A) prescribes criminal penalties for an individual who (1) used or carried a firearm *during* or *in relation to* a crime of violence or a drug trafficking crime, or (2) possessed a firearm *in furtherance of* such crimes.[3] *But see, United States v. Scott*, 463 F. App'x 85, 89 (3d Cir. 2012)(nonprecedential)(stating that the Third Circuit has not yet ruled in a precedential opinion that § 924(c) sets forth two distinct offenses and that the Circuit Courts that have ruled on the issue are split); *accord. id.* at 87 ("The plain language of the statute . . . has two separate prongs, either of which standing alone is sufficient to support a conviction under § 924(c)."). Thus, as we read the statute, in order to secure a conviction under § 924(c), on a possession theory, the Government must prove beyond a reasonable doubt that an individual possessed a firearm *in furtherance of* drug trafficking or a crime of violence. Stated differently, the Government must prove beyond a reasonable doubt that a firearm was possessed by the defendant to advance or promote drug trafficking. *See United States v. Bobb*, 471 F.3d 491, 496 (3d Cir. 2006)(citing *United States v. Lawrence*, 308 F.3d 623, 630 (6th Cir. 2002)).

In determining whether a rational fact-finder could have found that defendant in this case possessed a firearm in furtherance of drug-trafficking crimes, the following "*Sparrow*" factors are relevant:

> the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.

*United States v. Sparrow*, 371 F.3d 851, 853 (3d Cir. 2004) (quoting *United States v. Ceballos–Torres*, 218 F.3d 409, 414–15 (5th Cir. 2000)). Significantly, these factors are

---

[3] The statute also proscribes different sentencing requirements depending on the type of firearm used. Relevant here, if the firearm in question is a short-barreled shotgun, then the statute imposes a minimum 10–year term of imprisonment for the first violation. 18 U.S.C. § 924(c)(1)(B)(i).

9

nonexclusive and "there can be sufficient evidence to support a conviction under § 924(c) even if some of the eight *Sparrow* factors are not satisfied." *Hornbuckle v. United States*, No. 09-CR-50-LPS, 2015 WL 4999970, at *3 (D.N.J. Aug. 21, 2015)(citing *United States v. Walker*, 657 F.3d 160, 173 (3d Cir. 2011)).

Here, again, we find that defendant's ineffective-assistance claim lacks merit. Defendant admitted under oath, in open court, that the Government's recitation of the facts of the case against him was correct and fairly summarized. (Doc. 100 at 6, 9). According to the Government, in the son's bedroom, officers discovered a handgun under a mattress, a sawed-off short-barreled shotgun on the floor between a bed and a wall, and ammunition above the ceiling. (Id. at 8). Furthermore, in the adjacent room, where heroin and other evidence consistent with drug distribution were discovered, officers found hollow point bullets. (Id.). As well, in defendant's bedroom, where other drugs were discovered, officers located a handgun. (Id. at 9). Upon these facts, the Government could have proven beyond a reasonable doubt that these weapons were possessed to advance and promote drug trafficking. Consequently, defendant's claim that counsel was ineffective for advising defendant to plead guilty to Count 3 must fail.[4]

---

[4] Moreover, although the indictment sets forth that defendant possessed a firearm *during*, *in relation to*, and *in furtherance of* a drug trafficking crime, the "in furtherance" language in § 924(c) "suggests a higher standard of conduct than that required by the 'during and in relation to' language." *Scott,* 463 F. App'x at 88-89; *see also, United States v. Loney*, 219 F.3d 281, 287 (3d Cir. 2000)(noting that "Congress may well have intended 'in furtherance' to impose a more stringent standard than 'in relation to.'"). Accordingly, a finding by a rational fact-finder that defendant possessed a firearm "in furtherance of" a drug-trafficking crime would necessarily mean that defendant also possessed a firearm "during" and "in relation to" the same crime.

*V.*     *Conclusion*

We will deny defendant's § 2255 motion (Doc. 107) for claims of ineffective-assistance-of-counsel. An appropriate order will be issued also denying a certificate of appealability. Defendant is advised, however, that he has the right to appeal our decision within 60 days, and our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the Third Circuit. *See* Fed.R.App.P. 22.

                                            /s/ William W. Caldwell
                                            William W. Caldwell
                                            United States District Judge