UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CASE NO. 1:10-CR-339 |
| : | |
| COREY GOLSON, SR., : | |
| Defendant : | |

*M E M O R A N D U M*

*I.      Introduction*

Presently before the court is defendant Corey Golson, Sr.'s motion (Doc. 115) pursuant to Federal Rule of Civil Procedure 60(b) for relief from this court's denial of his motion (Doc. 107) to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Because Defendant has failed to demonstrate that relief should be granted under Rule 60(b), the motion will be denied.

*II.     Background*

On September 7, 2012, Defendant entered a conditional guilty plea to a three-count indictment, reserving the right to appeal a previous denial of his suppression motion. (Doc. 82). On January 24, 2013, this court sentenced Defendant to a term of 161 months' imprisonment and three years of supervised release. (Doc. 88). Shortly thereafter, he filed a notice of appeal. (Docs. 89, 96). On February 11, 2014, the Third Circuit affirmed this court's denial of Defendant's suppression motion. (Docs. 105, 106). Defendant's petition for a writ of certiorari to the Supreme Court of the United States was

denied on June 23, 2014.  United States v. Golson, 743 F.3d 44 (3d Cir.), cert. denied, 134 S. Ct. 2857 (2014) (mem.).

On June 16, 2015, Defendant timely filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Pennsylvania.  (Doc. 107).  Defendant alleges that he filed his 2255 motion in the Eastern District because, after contacting the Clerk of Court for the Middle District, he was erroneously sent Eastern District forms and instructions.  (Doc. 115 at 3; see also Doc. 107).  On June 26, 2015, the Eastern District court properly transferred the 2255 motion to this court.  (Doc. 108).

On June 30, 2015, this court entered the standard administrative order providing Defendant with "notice of limitations on filing of future motions under 28 U.S.C. § 2255" ("Miller notice").  (Doc. 109).  This order explained that an initial 2255 motion should contain all grounds for relief, and requested that Defendant inform the court whether he desired to withdraw the motion without prejudice or have the motion ruled upon as filed.  (See Doc. 109); see also United States v. Miller, 197 F.3d 644, 652 (3d Cir. 1999).  Defendant was given thirty days to respond to the administrative order.  (Doc. 109 at 3).  On September 28, 2015, after waiting approximately three months and having received no response from Defendant, this court decided Defendant's 2255 motion as originally filed.  (Doc. 110 at 2).

The 2255 motion raised four claims of ineffective assistance of counsel.  (Doc. 107 at 4-9).  This court addressed the merits of each claim, and denied relief.  (Doc. 110 at 4-11; Doc. 111).  A certificate of appealability was also denied.  (Doc. 110 at 11; Doc. 111).  Defendant timely sought a certificate of appealability from the Third

Circuit. (Doc. 112). On July 15, 2016, the Third Circuit denied Defendant's request for a certificate of appealability. (Doc. 114).

Nearly eight months later, Defendant filed the instant Rule 60(b) motion, seeking relief from the denial of his 2255 motion. (Doc. 115). He alleges that he was misinformed by the clerk of court regarding where to file his 2255 motion, was sent Eastern District forms and instructions rather than Middle District documents, did not receive a copy of the transfer order issued by the Eastern District court, did not receive a copy of the June 30, 2015 <u>Miller</u> notice issued by this court, and was therefore unable to file his "already prepared" legal brief and affidavit to support his 2255 motion. (<u>Id.</u> at 2-8).

According to Defendant, these procedural errors caused a "defect in the integrity" of his 2255 motion proceedings, (<u>id.</u> at 5, 8), thereby permitting consideration of the instant Rule 60(b) motion. He contends that this court could not "begin to know the Argument on the [2255] challenges, because the § 2255 Argument was missing from the Application." (<u>Id.</u> at 7). He also urges the court not to construe the instant motion as a second or successive 2255 motion because granting the Rule 60(b) motion "merely reinstates the previously denied and dismissed Habeas Application" and reopens the action "for further proceedings." (<u>Id.</u> at 6). He asserts that although his Rule 60(b) motion "is undoubtedly a step on the road to the ultimate objective of invalidating the Judgment of conviction and sentence[, t]he Motion itself does not seek that relief." (<u>Id.</u>)

Thus, according to Defendant, this court has jurisdiction to consider his Rule 60(b) motion. He requests that this court grant relief and reopen the original 2255 motion proceedings to allow him to file legal arguments and other supporting

3

documentation, upon which the court should make a fresh determination regarding his initial habeas claims.[1]

*III.      Discussion*

Initially, the court must determine whether Defendant's instant Rule 60(b) motion is the type permitted under the federal habeas constraints of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), or whether it must be construed as a second or successive 2255 motion. This determination is critical because if Defendant's Rule 60(b) motion is simply a disguised second or successive 2255 motion, this court does not have jurisdiction to entertain it. See 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); Blystone v. Horn, 664 F.3d 397, 412 (3d Cir. 2011) (citation omitted).

Here, the court finds that Defendant's Rule 60(b) motion is proper, and is not a second or successive 2255 motion requiring certification from the Third Circuit. Nevertheless, the court also finds that Defendant's claim for relief under Rule 60(b) lacks merit, and thus must be denied.

A. Defendant's Rule 60(b) Motion is Not a Second or Successive 2255

In federal habeas proceedings, a motion for relief from final judgment under Federal Rule of Civil Procedure 60(b) may be considered so long as it is not inconsistent with applicable federal statutes and rules. Gonzalez v. Crosby, 545 U.S. 524, 529 (2005) (citations omitted). In Gonzalez, the Supreme Court of the United States determined that

---

[1] It should be noted that at numerous times in his Rule 60(b) motion, Defendant asserts that this court failed to reach the merits of his 2255 motion. (See Doc. 115 at 1, 4, 5, 7, 8, 9, 10). Defendant is mistaken, however, as this court's September 28, 2015 decision denying habeas relief clearly reached the merits of all the claims asserted in the 2255 motion.

4

in federal habeas proceedings,[2] Rule 60(b) motions were not expressly proscribed by the AEDPA. Id. Rather, courts must determine whether a Rule 60(b) motion is, in substance, raising a new habeas claim or attacking a previous federal court resolution of a claim on the merits, or whether it raises "some defect in the integrity of the federal habeas proceedings." Id. at 532. If the Rule 60(b) motion falls into the former category, it must be construed as a second or successive habeas application and treated accordingly. Id. at 531. If the Rule 60(b) motion falls into the latter category, it can be considered by the district court without offending the gatekeeping requirements established by the AEDPA. Id. at 532-33.

In Gonzalez, the Court provided some guidance for differentiating between disguised second or successive habeas applications that advance a "claim" and true Rule 60(b) motions that raise a defect in the integrity of the habeas proceedings:

> In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief . . . will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.

Id. at 532 (footnote omitted). The Court also provided some examples of when a movant is not advancing a habeas claim, such as "when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such

---

[2] While Gonzalez was limited to state prisoners seeking federal habeas relief under 28 U.S.C. § 2254, see id. at 529 n.3, every circuit to consider the issue has extended Gonzalez's holding and rationale regarding Rule 60(b) motions to the 2255 motion context. See, e.g., Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011); United States v. Buenrostro, 638 F.3d 720, 722 (9th Cir. 2011); In re Nailor, 487 F.3d 1018, 1022-23 (6th Cir. 2007); United States v. Nelson, 465 F.3d 1145, 1148-49 (10th Cir. 2006); United States v. Scott, 414 F.3d 815, 816 (7th Cir. 2005).

5

reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. at 532 n.4.  As the Third Circuit has explained, when a "Rule 60(b) motion attacks the *manner* in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits.  However, when the Rule 60(b) motion seeks to collaterally attack the . . . underlying conviction, the motion should be treated as a successive habeas petition." Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004) (emphasis added).

Here, Defendant's motion for relief under Rule 60(b) is grounded in the process leading up to the court's denial of his 2255 motion on the merits.  Defendant asserts that relief from final judgment is due because there were serious procedural defects with the handling of his 2255 motion, beginning with the initial filing and ending with the court making a final determination based on the motion's contents alone.  He does not raise a new claim for relief, or attack the court's previous decision on the merits as erroneous, but instead claims that he was not given the proper opportunity to advance and support his habeas claims prior to their resolution.  Thus, Defendant's Rule 60(b) motion attacks the "manner in which the earlier habeas judgment was procured and not the underlying conviction[.]" Pridgen, 380 F.3d at 727.  Accordingly, the instant motion is not a disguised second or successive 2255 motion, but rather a proper motion for relief from final judgment under Federal Rule of Civil Procedure 60(b).

B. Defendant Does Not Qualify for Relief Under Rule 60(b)

Nevertheless, although Defendant's Rule 60(b) motion can properly be considered, the court will deny relief.  Defendant has not carried his burden to show that relief from final judgment should be granted in this case.

6

In his motion, Defendant fails to specify which Rule 60(b) ground for relief applies to his circumstances. While he mentions Rule 60(b)(6) in his motion, he does not specify that he seeks relief under this ground or any other particular ground for relief found in 60(b). (See Doc. 115 at 5-6). The grounds for relief in (b)(1) through (b)(5) do not appear to apply, and therefore the court will construe Defendant's motion as one seeking relief under the "catchall" provision of (b)(6), which permits the court to relieve a party from a final judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6).

The Third Circuit has consistently admonished that "the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002) (quoting In re Fine Paper Antitrust Litig., 840 F.2d 188, 194 (3d Cir. 1988)). Relief under Rule 60(b)(6) should be granted only "where, without such relief, an extreme and unexpected hardship would occur." Cox v. Horn, 757 F.3d 113, 115 (3d Cir. 2014) (quoting Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993)).

In this case, Defendant fails to make the requisite showing of exceptional circumstances or hardship to justify the extraordinary relief provided by Rule 60(b)(6). Even if the court were to accept as true Defendant's allegations regarding the 2255 motion process,[3] those circumstances are insufficient to meet the stringent Rule 60(b)(6) standard.

---

[3] Defendant did provide evidence to support his claim that he did not receive a copy of the transfer order or the June 30, 2015 Miller notice. (See Doc. 116 at 6). The court notes, in hindsight, that the Miller notice was improvidently issued, as Defendant's statute of limitations for filing his 2255 motion most likely expired on June 23, 2015, one year from the date his judgment of conviction became final. See 28 U.S.C. § 2255(f)(1). As such, had it been received, the June 30, 2015 Miller notice would only have created more confusion for Defendant's 2255 proceedings.

7

First, Defendant complains that he contacted the Middle District court but was sent Eastern District forms, causing him to file his 2255 motion in the Eastern District court. The Eastern District 2255 form, however, is identical in substance to the Middle District 2255 form (which uses the standard federal court 2255 form). Compare E.D. Pa. Form PAE-AO 243[4] with United States Courts Form AO 243.[5] Moreover, his 2255 motion was immediately transferred to the Middle District, causing no ascertainable prejudice.

Second, the 2255 motion instructions mailed to Defendant explained that he "may submit additional pages if necessary," and that if he wanted "to submit a brief or arguments [he] must submit them in a separate memorandum." (Doc. 116 at 4, Defendant's Exhibit "A"). Nothing in the instructions counsels a 2255 movant to wait until a later time to submit supporting legal briefs or arguments. Defendant claims that he had "already prepared" his supporting memorandum of law, brief, and affidavit, (Doc. 115 at 4), but he provides no explanation for why he did not submit these supporting documents when he initially filed his 2255 motion or at some later time.

Third, Defendant's 2255 motion was typewritten, coherent, and contained cognizable ineffective-assistance-of-counsel arguments and supporting facts. (See Doc. 107 at 4-8). From this motion, the court was able to discern Defendant's ineffectiveness claims and to evaluate their merits accordingly, as evidenced by this court's eleven-page memorandum opinion. (See Doc. 110).

Notably, Defendant's application to the Third Circuit for a certificate of appealability included ten pages of legal argument regarding his claims of ineffective

---

[4] Http://www.paed.uscourts.gov/documents/forms/frmm2255.pdf.

[5] Http://www.uscourts.gov/forms/habeas-corpus-petitions/motion-vacateset-aside-sentence-motion-under-28-usc-ss-2255.

assistance of counsel. (Doc. 112). After the Third Circuit denied a certificate of appealability, (Doc. 114), Defendant petitioned for a panel rehearing and was granted leave to file a thirty-page petition, United States v. Golson, No. 15-3580 (3d Cir. Aug. 18, 2016), ECF No. 3112385303. In his comprehensive petition for a rehearing, Defendant not only argued the ineffectiveness claims, but also raised the issue of this court deciding his 2255 motion without providing him an opportunity to file a memorandum of law to supplement his motion. Petition for Panel Rehearing, United States v. Golson, No. 15-3580 (3d Cir. Oct. 26, 2015), ECF No. 3112397325. The Third Circuit denied the petition for rehearing as well. Golson, No. 15-3580 (3d Cir. Sept. 12, 2016), ECF No. 3112405084.

In sum, review of the record demonstrates that this court properly denied Defendant's 2255 motion on the merits. Defendant has provided no compelling argument or additional facts in his Rule 60(b) motion that would justify the extraordinary relief from judgment he seeks. Consequently, Defendant's Rule 60(b) motion must be denied.

*V.*     *Conclusion*

Based on the foregoing analysis, while this court can properly consider the merits of Defendant's Rule 60(b) motion, the motion will be denied. Defendant has failed to make the requisite showing of exceptional circumstances or hardship to justify relief under Rule 60(b). An appropriate order will follow.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

9