UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CASE NO. 1:10-CR-339 |
| : | |
| COREY GOLSON, SR., : | |
| Defendant : | |

*M E M O R A N D U M*

*I.	Introduction*

Presently before the court is defendant Corey Golson, Sr.'s motion (Doc. 119) for reconsideration of this court's previous denial of his Rule 60(b) motion for relief from a final judgment in his underlying 28 U.S.C. § 2255 proceedings. Defendant has also moved (Doc. 120) to amend his initial § 2255 motion, which has already been adjudicated on the merits. For the following reasons, Defendant's motions will be denied.

*II.	Background*

On September 7, 2012, Defendant entered a conditional guilty plea to a three-count indictment, reserving the right to appeal a previous denial of his suppression motion. (Doc. 82). On January 24, 2013, this court sentenced Defendant to a term of 161 months' imprisonment and three years of supervised release. (Doc. 88). Shortly thereafter, he filed a notice of appeal. (Docs. 89, 96). On February 11, 2014, the Third Circuit affirmed this court's denial of Defendant's suppression motion. (Docs. 105, 106). Defendant's petition for a writ of certiorari to the Supreme Court of the United States was

denied on June 23, 2014.  United States v. Golson, 743 F.3d 44 (3d Cir.), cert. denied, 134 S. Ct. 2857 (2014) (mem.).

On June 16, 2015, Defendant timely filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  (Doc. 107).  The 2255 motion raised four claims of ineffective assistance of counsel.  (Doc. 107 at 4-9).  On June 30, 2015, the court issued a standard Miller notice[1] to Defendant, informing him of the importance of including all claims for relief in his initial 2255 motion.  (Doc. 109).  Defendant was given thirty days to respond to the notice.  (Id. at 3).  On September 28, 2015, after waiting approximately three months and having received no response from Defendant, the court decided Defendant's 2255 motion as originally filed. (Doc. 110 at 2).  The court addressed the merits of each claim, and denied relief.  (Doc. 110 at 4-11; Doc. 111).  A certificate of appealability was also denied.  (Doc. 110 at 11; Doc. 111).

Defendant then timely sought a certificate of appealability from the Third Circuit.  (Doc. 112).  On July 15, 2016, the Third Circuit denied Defendant's request for a certificate of appealability, (Doc. 114), and several months later denied his petition for a rehearing, United States v. Golson, No. 15-3580 (3d Cir. Sept. 12, 2016), ECF No. 3112405084.

On March 8, 2017, nearly six months after the Third Circuit denied Defendant's petition for a rehearing, Defendant filed a motion under Federal Rule of Civil Procedure 60(b) in this court, seeking relief from the denial of his 2255 motion.  (Doc. 115).  On April 12, 2017, this court denied the motion, finding that Defendant did not qualify for relief from a final judgment under Rule 60(b).  (Docs. 117, 118).

---

[1] See United States v. Miller, 197 F.3d 644, 652 (3d Cir. 1999).

Defendant has now moved for reconsideration and to amend.  In his motion for reconsideration, which appears to incorporate his motion to amend by way of the relief he seeks, he argues that this court abused its discretion when it denied his Rule 60(b) motion.  (Doc. 119 at 2).  He first claims that the court was required, by the Rules Governing Section 2255 Proceedings, to order the Government to respond to his 2255 motion before denying it.  (Id. at 3).  He also argues that it was "Manifest Injustice" that the court did not "assure itself" that Defendant had received the June 30, 2015 Miller notice before deciding Defendant's 2255 motion.  (Id. at 5, 6).  Finally, he claims that the statute of limitations could have been tolled to allow him to "file all the legal papers" related to his initial 2255 motion, or that he could have been permitted to amend his 2255 motion pursuant to Federal Rule of Civil Procedure 15(c).  (Id. at 6).

For these reasons, Defendant asserts that the court should reconsider its denial of his Rule 60(b) motion.  He further contends that upon reconsideration, the court should vacate the denial of his 2255 motion and allow him to submit supporting legal arguments and documentation regarding the ineffective-assistance-of-counsel claims he initially raised in the 2255 motion.  The court will address each of Defendant's claims in turn, and will also address his related motion to amend.

III.        *Discussion*

When seeking reconsideration of a final order, *i.e.*, to alter or amend judgment, under Federal Rule of Civil Procedure 59(e), the movant must show (1) an intervening change in controlling law, (2) the availability of new evidence that was not available when the court issued the underlying order, or (3) "the need to correct a clear error of law or fact or to prevent manifest injustice."  See Max's Seafood Café ex rel. Lou-

3

Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).  Only the third basis for granting reconsideration is potentially implicated here, but none of Defendant's claims in his motion for reconsideration satisfies this standard.

Defendant first claims that the court was required to order the Government to respond to his 2255 motion before it denied the motion.  Defendant is mistaken.  As previously explained in this court's September 28, 2015 opinion, (see Doc. 110 at 3), under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. foll. § 2255, the district court may dismiss a 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]"  28 U.S.C. foll. § 2255 Rule 4(b); United States v. Nahodil, 36 F.3d 323, 325 (3d Cir. 1994); see also 28 U.S.C. § 2255(b).  After review of Defendant's 2255 motion and the record, the court determined that it was clear that he was not entitled to relief, and properly denied his motion without requiring a response from the Government.

Defendant's second claim is that he never received the June 30, 2015 Miller notice, and the court erred by not "assur[ing] itself" that he had received the notice prior to reviewing and denying his 2255 motion as originally filed.  (Doc. 119 at 15).  This argument fails for two reasons.

First, the June 30, 2015 Miller notice was mailed to the address provided by Defendant in his 2255 motion—the same address currently on file for him, (see Doc. 107 at 1; Doc. 107-1; Doc. 107-2; Doc. 120 at 15).  The court is aware of no authority that requires a district court to investigate whether court documents properly mailed to an inmate have been received by the facility or the inmate.  Moreover, in Miller, the Third

4

Circuit expressly directed that "in some cases the petitioner will fail to respond at all to this form notice or fail to respond within the prescribed time[; i]n such instances, the District Court should rule on the pleadings before it, as captioned." Miller, 197 F.3d at 652 n.7. Therefore, after waiting almost three months for Defendant to respond to the Miller notice, the court did not err by ruling on his 2255 motion as filed.

Second, and more importantly, Defendant's continued reliance on the failure to receive the Miller notice[2] is misplaced. The prophylactic purpose of a Miller notice is to inform pro se post-conviction filers of the serious consequences of failing to include all claims for relief in their initial 2255 motions, and to protect against a district court re-characterizing a post-conviction filing as an initial 2255 motion without the defendant's informed consent. See id. at 652 & n.7, 653. In this case, Defendant has continuously maintained that he desires to supplement his initial 2255 motion with legal briefing that he failed to file with that motion, not to add new grounds for relief. (See generally Doc. 115). Defendant's objective, therefore, has no relation to a Miller notice or the mischief a Miller notice is intended to remedy.

Furthermore, although Defendant repeatedly calls into question how this court "characterize[d]" his initial 2255 motion, (see, e.g., Doc. 119 at 18, 23; Doc. 120 at 8), his motion was filed on the standard federal court § 2255 motion form. This court never recharacterized or misconstrued his filing, but rather treated it as what it was—a motion under 28 U.S.C. § 2255. Thus, Defendant's continued invocation of Miller is unavailing because the facts of his case simply do not implicate the issues raised in Miller or its progeny.

---

[2] As the court noted in its April 12, 2017 opinion, Defendant has submitted evidence tending to show that he did not receive the June 30, 2015 Miller notice. (Doc. 117 at 7 n.3).

5

Rather, what Defendant actually wants is permission to amend his initial 2255 motion, whereby he could provide legal briefing and supporting documentation that he failed to include in the first instance. This fact has not escaped Defendant, as he has filed a motion to amend in addition to his motion for reconsideration. In both motions, he urges the court to vacate its prior decision on the 2255 motion, permit him to file supplemental legal briefing and evidence that he claims would relate back to his initial filing, order the Government to respond to the motion, and ultimately make a fresh determination on his claims of ineffective assistance of counsel. For the following reasons, the court will deny the drastic relief Defendant seeks.

Under Federal Rule of Civil Procedure 15,[3] if more than twenty-one days have elapsed after service of a pleading or service of a responsive pleading, a party may amend only with the opposing party's written consent or with leave of court. FED. R. CIV. P. 15(a)(1), (2). Leave to amend should be freely given by the court when justice so requires. Id. 15(a)(2).

In the seminal case of Foman v. Davis, 371 U.S. 178 (1962), the Supreme Court of the United States provided guidance for when leave to amend may be denied. Circumstances that weigh against granting leave to amend include undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. Foman, 371

---

[3] "The Federal Rules of Civil Procedure apply to habeas corpus proceedings 'to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice in civil actions.'" United States v. Thomas, 221 F.3d 430, 434 (3d Cir. 2000) (quoting FED. R. CIV. P. 81(a)(2)); see also 28 U.S.C. foll. § 2255 Rule 12 ("The Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."); 28 U.S.C. § 2242 ("[Application for a writ of habeas corpus] may be amended or supplemented as provided in the rules of procedure applicable to civil actions.").

U.S. at 182. "Delay becomes 'undue,' and thereby creates grounds for the district court to refuse leave [to amend], when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." Bjorgung v. Whitetail Resort, LP, 550 F.3d 263, 266 (3d Cir. 2008) (citation omitted). Thus, in analyzing whether delay is undue, the focus is "on the movant's reasons for not amending sooner," and such reasons are balanced against the burden of delay. Id. (citation omitted).

Here, Defendant's request for leave to amend his initial 2255 motion must be denied on the basis of undue delay. Despite the fact that this court denied Defendant's 2255 motion in September of 2015, the first time Defendant moved to amend his motion was May of 2017—almost two years after its denial, and eight months after the Third Circuit denied a certificate of appealability and his petition for a rehearing.

Notably, the only reasons Defendant has provided for the nearly two-year delay in moving to amend his initial 2255 motion is that (1) he "did not recognize the true meaning of the Memorandum dated September 28, 2015" (*i.e.*, the denial of his 2255 motion on the merits), and (2) he did not receive a Miller notice. (Doc. 119 at 20). The court finds that these reasons, when weighed against the burden of the delay, establish that Defendant's delay is undue.

First, as explained above, the Miller notice does not concern supplementing a 2255 motion with legal briefing or other supporting documents, but rather including all claims for relief in the initial motion. As such, this reason for not amending sooner provides little support for Defendant.

Second, although Defendant claims that he did not comprehend the true nature of this court's denial of his 2255 motion, such a claim is belied by his subsequent

7

filings with the Third Circuit.  In Defendant's application for a certificate of appealability from the Third Circuit, he included ten pages of legal argument regarding the four ineffective-assistance-of-counsel claims rejected by this court.  (Doc. 112).  Notably, he concluded his application by asking that the Third Circuit "ALLOW a Certificate of Appealability based on the foregoing argument and case authority following the DENIAL of [his] 28 U.S.C. §2255 Petition below." (Id. at 11).  Moreover, at multiple times in Defendant's comprehensive petition for a rehearing, he states that this court "ruled" on his 2255 motion.  Petition for Panel Rehearing, United States v. Golson, No. 15-3580 (3d Cir. Oct. 26, 2015), ECF No. 3112397325 at 5, 10, 12, 18, 21-22.  Thus, it appears that Defendant did comprehend the "true meaning" of this court's September 28, 2015 denial of his 2255 motion, and, consequently, this reason for not amending sooner also lends Defendant little support.

Finally, the reasons for delay provided by Defendant must be balanced against the burden on the court resulting from the allowance of the amendment.  Here that burden is unquestionably heavy.  Over the past two years, Defendant has fully litigated his 2255 motion in the district court and the Third Circuit, and has continued to seek relief in this court from that final judgment.  Granting Defendant's motion to amend would cause this entire process to begin anew.  Consequently, when Defendant's unpersuasive reasons for delay are weighed against the heavy burden of permitting amendment, the court has little difficulty determining that Defendant's delay is undue and therefore leave to amend must be denied.

One final note regarding Defendant's motion to amend is in order.  Although Defendant has consistently maintained that he does not wish to add a new claim to his

2255 motion, he appears to try to do just that in the instant pending motions.  For the first time in any of his post-conviction filings, Defendant now asserts that his trial counsel was constitutionally ineffective by failing to communicate a more favorable plea agreement to Defendant than the agreement he eventually signed.  (See Doc. 119 at 21-22; Doc. 120 at 4, 8-14).

But as Defendant concedes, (see Doc. 120 at 6), it is well settled that a defendant cannot amend a 2255 motion to add an untimely new theory of relief supported by facts that "differ in both time and type from those the original pleading set forth," as such a claim does not relate back under Federal Rule of Civil Procedure 15(c).  See Hodge v. United States, 554 F.3d 372, 378 (3d Cir. 2009) (quoting Mayle v. Felix, 545 U.S. 644, 664 (2005)).  Defendant is mistaken in his belief that adding the new ineffective-assistance-of-counsel claim would "correct a pleading deficiency by expanding the facts but not the claims of Ineffective Assistance of Counsel" and therefore would relate back to his original 2255 motion.  (Doc. 120 at 7).  Just because his initial 2255 motion was grounded in ineffective assistance of counsel does not mean that any and all new ineffective-assistance claims automatically relate back.  Rather, for a claim to relate back under Rule 15(c), it must be one that "arose out of the conduct, transaction, or occurrence set out . . . in the original pleading."  FED. R. CIV. P. 15(c)(1)(B); see also Hodge, 554 F.3d at 378 (explaining that the key question is whether the claims "are tied to a common core of operative facts" (quoting Mayle, 545 U.S. at 664)).

The new ineffective-assistance claim that Defendant raises in the instant motions involves facts and circumstances that are unrelated to the operative facts underlying his initial claims of ineffective assistance of counsel.  There is no "common

core of operative facts," and the claims do not arise from the same "conduct, transaction, or occurrence," and thus the new claim would not relate back to the initial 2255 motion. Therefore, even if Defendant were permitted to amend his 2255 motion, he could not include the new ineffective-assistance claim that he is trying to assert, as it would not relate back and thus would be barred by the statute of limitations set forth in 28 U.S.C. § 2255(f).

*V.        Conclusion*

Based on the foregoing analysis, Defendant's motion for reconsideration (Doc. 119) and motion to amend (Doc. 120) will be denied. Defendant has not met his burden to establish why this court should reconsider its denial of his Rule 60(b) motion. Furthermore, because of undue delay on Defendant's part, his request for leave to amend his initial 2255 motion must be denied. An appropriate order will follow.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge
