# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| COREY GOLSON, SR., | : | |
|---|---|---|
| Petitioner | : | CASE NO. 1:10-CR-339 |
| v. | : | (JUDGE MANNION) |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

## MEMORANDUM

**I.   BACKGROUND**[1]

Presently before the court is another motion under Fed.R.Civ.P. 60(b) filed by defendant Corey Golson, Sr., (Doc. 134), seeking relief from the court's final judgment denying his motion under 28 U.S.C. §2255.

On September 28, 2015, the court issued a Memorandum and Order denying Golson's 28 U.S.C. §2255 motion to vacate, set aside or correct his sentence. Further, the court directed that a certificate of appealability ("COA") would not be issued pursuant to 28 U.S.C. §2253(c). (Docs. 110 & 111).

Golson then sought a COA from the Third Circuit to appeal the denial of his §2255 motion, (Doc. 112), and his request was denied on July 15, 2016. (Doc. 114).

On March 8, 2017, Golson filed a motion under Rule 60(b) seeking relief from the denial of his §2255 motion, and the court denied it on April 12, 2017.

---

[1] The background of this case was stated in the court's July 13, 2017 Memorandum and it shall not be fully repeated herein. (Doc. 125; *see also* Doc. 110).

(Docs. 115 & 117).

Golson then filed a motion for reconsideration under Fed.R.Civ.P. 59(e) regarding the court's April 12, 2017 Order, and a motion to amend his §2255 motion. The court denied Golson's motions on July 13, 2017. (Doc. 125).

On October 13, 2017, the court entered an Order reducing Golson's sentence under Amendment 782, pursuant to 18 U.S.C. §3582(c)(2), and he was re-sentenced to serve 33 months on counts 1 and 2 to run concurrently with each other and consecutively with his 120-month sentence on count 3. (Doc. 130).

On March 8, 2018, the Third Circuit issued an Order denying Golson's request for a COA regarding the court's denial of his motion under Rule 60(b) seeking relief from its order denying his §2255 motion since "jurists of reason would not dispute that [he] does not qualify for relief under [Rule 60(b)]." (Doc. 132).

On May 6, 2019, Golson filed his instant motion under Federal Rule of Civil Procedure 60(b) again seeking relief from the denial of his §2255 motion and seeking the court to re-open his §2255 proceedings. (Doc. 134).

## II. DISCUSSION

Golson moves pursuant to Rule 60(b). This Rule allows a "court to relieve a party or its legal representative from a final judgment, order, or proceeding" to correct "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b), however, is not a substitute for appeal and generally a mistake of

law is insufficient ground to alter judgment. *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988); *Page v. Schweiker,* 786 F.2d 150, 154-55 (3d Cir. 1986). The proper vehicle to re-litigate the issues handled in a court's prior order is a motion to reconsider brought pursuant to Federal Rule of Civil Procedure 59. *Smith,* 853 F.2d at 158. The court must look to the substance of the motion and not necessarily the cited rule to determine the applicable rule and standard of review. *Id.*

Golson again argues that the court summarily denied his §2255 motion and failed to address the merits of all of his claims. Golson reasserts many of his contentions he raised in his previous motions, including his allegations that the court erred by summarily denying his §2255 motion without reaching the merits of his claims and that his §2255 motion was not complete. (*See* Doc. 125).

Initially the court did, in fact, consider the merits of Golson's ineffective assistance of counsel claims he raised in his §2255 motion. (*See* Doc. 110). Moreover, the court finds that Golson's present motion is filed under the guise of a Fed.R.Civ.P. 60(b)[2] motion for relief of judgment when it is really an

---

[2]Rule 60(b) of the Federal Rules of Civil Procedure provides a limited avenue of relief where a final judgment or order has been entered in a case based on one or more of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or discharged; or

unauthorized successive §2255 motion. Golson's instant arguments in his Rule 60(b) motion regarding his attack on his conviction and sentence are in reality arguments in support of a successive §2255 motion. Thus, despite Golson's instant motion styled as being under Rule 60(b), it is really an unauthorized second or successive §2255 motion and this court lacks jurisdiction over it since he did not first obtain a certification to file it from the Third Circuit. *See* 28 U.S.C. §§2244(b), 2255(h); *see also* Hadam v. United States, 2018 WL 5961141, *2 (W.D.Pa. Nov. 14, 2018) ("A Rule 60(b)(6) motion for relief from the denial of a §2255 petition may be treated as a successive §2255 petition.") (citations omitted).

Golson's motion relies in part on Rule 60(b)(4) and (6). "The grant or denial of a Rule 60(b)(6) motion is an equitable matter left, in the first instance, to the discretion of a district court." Cox v. Horn, 757 F.3d 113, 124 (3d. Cir. 2014). "Importantly, the movant in a Rule 60(b) motion carries a heavy burden, as Rule 60(b) motions are viewed as 'extraordinary relief which should be granted only where extraordinary justifying circumstances are present." Kiburz v. Sec'y, U.S. Dep't of the Navy, 446 Fed. Appx. 434, 436 (3d Cir. 2011) (citation omitted). Since Golson previously filed a §2255 motion, this court will only have jurisdiction over his Rule 60(b) motion if it is "a true Rule 60(b) motion and not an attempt to circumvent the requirements for filing a new §2255 motion." United States v. Donahue, 733 Fed.Appx. 600, 601-02

---

applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

(3d Cir. 2018) (citation omitted). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "[b]efore an applicant may file a second or successive §2255 motion in the district court, the motion 'must be certified ... by a panel of the appropriate court of appeals to contain' either 'newly discovered evidence' or a 'new rule of constitutional law.'" Donahue, 733 Fed.Appx. at 602 n. 1 (citing 28 U.S.C. §2255(h)(1)-(2); §2244(b)(3)).

Golson's present motion is another motion seeking to re-argue the claims he made in his §2255 motion as well as the claims he made in his motion for reconsideration. In his instant Rule 60(b) motion, Golson again seeks to collaterally attack his sentence. As such, the court finds that Golson's Rule 60 motion constitutes a second or successive §2255 motion and that he does not have authorization from the Third Circuit to file it. *See* Hadam, 2018 WL 5961141, *3 (court treated defendant's Rule 60(b) motion as a second or successive §2255 motion since it was "an attempt to re-litigate arguments asserted in his first §2255 Motion.").

In Donahue, 733 Fed.Appx. at 602-03, the Third Circuit explained:

[the District Court] ha[s] jurisdiction to consider [Golson's] Rule 60 motion only if it was a true Rule 60 motion, and not an attempt to circumvent the requirements for filing a new §2255 motion. *See* Robinson v. Johnson, 313 F.3d 128, 139–40 (3d Cir. 2002). This question is governed by Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). In that case, the Supreme Court held that jurisdiction is proper over a Rule 60 motion that attacks "some defect in the integrity" of a prior habeas proceeding. *Id*. at 532, 125 S.Ct. 2641; *see also* Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004) (holding that a Rule 60 motion may be adjudicated if its "factual predicate ... attacks the manner in which the earlier habeas judgment was procured

5

and not the underlying conviction"). By contrast, a "motion presenting new evidence in support of a claim already litigated" is "in substance a successive habeas petition and should be treated accordingly." Gonzalez, 545 U.S. at 531, 125 S.Ct. 2641.

*See also* United States v. Morgan, 2018 WL 3618251, *5 (E.D.Pa. July 27, 2018) ("A Rule 60(b) motion amounts to a successive habeas petition, and thus is subject to the limitations of AEDPA, if it 'attacks the federal court's previous resolution of a claim on the merits' rather than attacking 'some defect in the integrity of the federal habeas proceedings.'" (citing United States. v. Andrews, 463 Fed.Appx. 169, 171 (3d Cir. 2012)) (emphasis in original).

Golson's Rule 60(b) motion is the type of Rule 60(b) motion filed by the defendant in the Donahue case, i.e., a "motion presenting new evidence in support of [ ] claim[s] already litigated." Donahue, 733 Fed.Appx. at 602-03. Similar to the Donahue case, "[i]t is clear from [Golson's] [Rule 60(b)] motion that it challenges his conviction and sentence, not the integrity of his §2255 proceeding." *Id*. The court finds that Golson's contentions in his Rule 60(b) motion do not attack the manner in which the court decided his §2255 motion, rather, they attack the court's "previous resolution of [his §2255] claim[s] on the[ir] merits" and his underlying conviction and sentence. Golson's Rule 60(b) motion thus raises new arguments in support of his claims as to why he believes his conviction and sentence should be vacated, and such a motion is "in substance a successive habeas petition and should be treated accordingly." Donahue, 733 Fed.Appx at 603 (quoting Gonzalez, 545 U.S. at

6

531). *See also* Morgan, 2018 WL 3618251, *5 (court held that defendant's Rule 60(b) motion was a successive §2255 motion because his claims attacked his "underlying conviction rather than a procedural defect in a prior habeas proceeding."); Hadam, 2018 WL 5961141, *3 (court found that defendant's Rule 60(b)(6) should be treated as a successive §2255 motion and since "[defendant] failed to obtain authorization to file a successive §2255 motion from the Court of Appeals, as required by 28 U.S.C. §2244(b)(3), ... "the Court conclude[d] that it lack[ed] jurisdiction to decide [defendant's] Rule 60(b)(6) Motion."

Thus, the court will deny Golson's Rule 60(b) motion because it is an unauthorized second or successive §2255 motion and, the court lacks subject matter jurisdiction over it because he did not obtain prior authorization from the Third Circuit. *See* Donahue, *supra*. Therefore, Golson's Rule 60(b) motion will be **DISMISSED** as an unauthorized successive §2255 motion under AEDPA.

### III.  CERTIFICATE OF APPEALABILITY

A petitioner may not file an appeal from a final order unless a district or circuit judge issues a certificate of appealability ("COA") pursuant to 28 U.S.C. §2253(c). A COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the

issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); *see also* Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, a COA will not issue because Golson has shown neither the denial of a constitutional right nor that jurists of reason would disagree with this court's resolution of his claims.

## IV. CONCLUSION

Based on the foregoing, the court **DISMISSES** Golson's Rule 60(b) motion for relief from the denial of his §2255 motion and to reopen his §2255 habeas proceeding, **(Doc. 134)**, and a certificate of appealability will not issue. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: May 9, 2019**
10-339-01.wpd