UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

COREY GOLSON, SR., :

    Petitioner : CASE NO. 1:10-CR-339

v. : (JUDGE MANNION)

UNITED STATES OF AMERICA, :

    Respondent :

# MEMORANDUM

## I.   BACKGROUND[1]

On September 28, 2015, the court issued a Memorandum and Order denying petitioner Corey Golson, Sr.'s 28 U.S.C. §2255 motion to vacate, set aside or correct his sentence. Further, the court directed that a certificate of appealability ("COA") would not be issued pursuant to 28 U.S.C. §2253(c). (Docs. 110 & 111).

Golson then sought a COA from the Third Circuit to appeal the denial of his §2255 motion, (Doc. 112), and his request was denied on July 15, 2016. (Doc. 114).

On March 8, 2017, Golson filed a motion under Rule 60(b) seeking relief from the denial of his §2255 motion, and the court denied it on April 12, 2017. (Docs. 115 & 117).

Golson then filed a motion for reconsideration under Fed.R.Civ.P. 59(e)

---

[1] The background of this case was stated in the court's July 13, 2017 Memorandum and the court's May 9, 2019 Memorandum, and it shall not be fully repeated herein. (Docs. 125 & 135; *see also* Doc. 110).

regarding the court's April 12, 2017 Order, and a motion to amend his §2255 motion. The court denied Golson's motions on July 13, 2017. (Doc. 125).

On October 13, 2017, the court entered an Order reducing Golson's sentence under Amendment 782, pursuant to 18 U.S.C. §3582(c)(2), and he was re-sentenced to serve 33 months on counts 1 and 2 to run concurrently with each other and consecutively with his 120-month sentence on count 3. (Doc. 130).

On March 8, 2018, the Third Circuit issued an Order denying Golson's request for a COA regarding the court's denial of his motion under Rule 60(b) seeking relief from its order denying his §2255 motion since "jurists of reason would not dispute that [he] does not qualify for relief under [Rule 60(b)]." (Doc. 132).

On May 6, 2019, Golson filed a second motion under <u>Federal Rule of Civil Procedure 60(b)</u> again seeking relief from the denial of his §2255 motion and seeking the court to re-open his §2255 proceedings. (Doc. 134).

On May 9, 2019, the court issued a Memorandum and Order dismissing Golson's Rule 60(b) motion for relief because it was an unauthorized second or successive §2255 motion and, the court lacked subject matter jurisdiction over it because he did not obtain prior authorization from the Third Circuit. (Docs. 135 & 136). The court also denied a COA.

On June 24, 2019, Golson filed his third motion under Fed.R.Civ.P. 60(b), (Doc. 137), again seeking relief from the court's final judgment denying his motion under 28 U.S.C. §2255, and seeking the court to re-open his

§2255 proceedings. He also filed a motion for an evidentiary hearing. (Doc. 138).

On June 27, 2019, this court construed Golson's June 24, 2019 motion under Rule 60(b) as a Notice of Appeal regarding this court's May 9, 2019 Memorandum and Order. (Doc. 139).

On July 1, 2019, Golson's Notice of Appeal was docketed in the Third Circuit. (Doc. 141).

On July 8, 2019, this court issued an Order dismissing Golson's Doc. 138 motion for an evidentiary hearing as moot. (Doc. 142).

On November 19, 2019, the Third Circuit issued an Order granting Golson's motion to remand his case to the district court and remanded the case to this court to address Golson's June 24, 2019 motion as one for relief under Rule 60(b). (Doc. 143).

On December 3, 2019, the court issued a Memorandum and Order dismissing Golson's June 24, 2019 motion for relief from the denial of his §2255 motion and seeking to re-open his habeas proceeding with respect to his §2255 motion, pursuant to Fed.R.Civ.P. 60(b), (Doc. 137), for lack of jurisdiction. (Docs. 144 & 145). The court directed that a certificate of appealability would not issue. The court also denied Golson's motion for an evidentiary hearing, (Doc. 138).

On January 10, 2020, the Third Circuit issued its Mandate regarding its November 19, 2019 Order granting Golson's motion to remand his case to the district court to address his June 24, 2019 motion as one under Rule 60(b).

(Doc. 146). As stated, this court had already ruled on Golson's June 24, 2019 Rule 60(b) motion for relief. (Docs. 144 & 145).

Thus, the Third Circuit's Mandate specifically directed that if the district court denied Golson's June 24, 2019 Rule 60(b) motion for relief, "should [Golson] wish to appeal he should file a new notice of appeal." (Doc. 146).

Accordingly, on January 10, 2020, Golson then filed a new notice of appeal with the Third Circuit regarding this court's December 3, 2019 Memorandum and Order dismissing Golson's June 24, 2019 Rule 60(b) motion for relief from the denial of his §2255 motion, (Doc. 137). (Doc. 147).

On January 29, 2020, Golson filed a motion for reconsideration under Fed.R.Civ.P. 59(e) regarding this court's December 3, 2019 Memorandum and Order. (Doc. 148).

## II. DISCUSSION

The court has reviewed Golson's latest motion for reconsideration as well as its December 3, 2019 Memorandum, in which the court throughly discussed why Golson's June 24, 2019 Rule 60(b) motion for relief from the denial of his §2255 motion was dismissed for lack of jurisdiction since it was an unauthorized successive §2255 motion under AEDPA. In his instant motion for reconsideration, Golson rehashes his same arguments which the court already considered when it issued its December 3, 3019 Memorandum.

Thus, the court finds that Golson fails to set forth any of the grounds that would warrant reconsideration. "A proper motion to alter or amend

4

judgment must rely on one of three major grounds: '(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or], (3) the need to correct a clear error [of law] or prevent manifest injustice.'" North River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995) (citations omitted); see also Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted); Waye v. First Citizen's Nat'l Bank, 846 F.Supp. 310, 314 (M.D.Pa. 1994)("A motion for reconsideration is not to be used to reargue matters already argued and disposed of."), aff'd, 31 F.3d 1174 (3d Cir.1994); Database America, Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F.Supp. 1216, 1220 (D.N.J.1993) (citations omitted) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'"). Golson is merely attempting to gain yet another opportunity to restate arguments previously presented to this court.

As the court explained, even though Golson's June 24, 2019 motion was purported to be under Rule 60(b), it was really an unauthorized second or successive §2255 motion and this court lacked jurisdiction over it since he did not first obtain a certification to file it from the Third Circuit. See 28 U.S.C. §§2244(b), 2255(h); see also Hadam v. United States, 2018 WL 5961141, *2 (W.D.Pa. Nov. 14, 2018) ("A Rule 60(b)(6) motion for relief from the denial of a §2255 petition may be treated as a successive §2255 petition.") (citations omitted). Also, as this court repeatedly explained in this case, since Golson

previously filed a §2255 motion, this court would only have jurisdiction over his Rule 60(b) motion if it was "a true Rule 60(b) motion and not an attempt to circumvent the requirements for filing a new §2255 motion." <u>United States v. Donahue</u>, 733 Fed.Appx. 600, 601-02 (3d Cir. 2018) (citation omitted).

## III. CONCLUSION

Based on the foregoing, Golson's January 29, 2020 Rule 59(e) motion for reconsideration, **(Doc. 148)**, of this court's December 3, 2019 Memorandum and Order, (Docs. 146 & 147), is **DENIED**. An appropriate order shall follow.

s/ *Malachy E. Mannion*
MALACHY E. MANNION
United States District Judge

**Dated: February 18, 2020**
10-339-03.wpd